**Jose M. SANTIAGO, Appellant**

v.

**Craig APKER, Warden.**

**No. 05–2301.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 29, 2005.

Decided Aug. 23, 2005.

Jose Manuel Santiago, Allenwood LSCI, White Deer, PA, pro se.

Kim D. Daniel, Office of United States Attorney, Harrisburg, PA, for Craig Apker.

Before Chief Judges SCIRICA, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

In 1991, in the United States District Court for the Middle District of Pennsyl-

vania Jose Manual Santiago was convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.[1] He has filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction. Arguing that he was innocent of the crime, he claimed that "his right to have a jury determine every fact essential to punishment" had been violated because the elements of the continuing criminal enterprise offense "were not charged in the indictment nor proven before the jury beyond a reasonable doubt." Petition at 3. In support of his claim, he cited *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Adopting the Report & Recommendation of a Magistrate Judge, the District Court dismissed Santiago's petition for lack of jurisdiction, holding that he could not file his petition under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 was an adequate and effective means for him to raise his claims. Santiago appeals and requests that the District Court's order be summarily reversed.

Because there is no substantial question on appeal, the District Court's order will be summarily affirmed. Santiago cannot bring his petition under 28 U.S.C. § 2241, because a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 cannot be considered "inadequate or ineffective." 28 U.S.C. § 2255 (2005). Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). However, § 2255 is not inadequate or ineffective just because a petitioner is unable to meet its stringent gatekeeping requirements. *See id.* Specifically, we have held that § 2255 is not an inadequate or ineffective way to bring claims based on *Apprendi*. *See Okereke v. United States*, 307 F.3d 117, 120–21 (3d Cir.2002). Claims under *Ring* and *Blakely* are not sufficiently distinguishable from a claim under *Apprendi* to meet the *In re Dorsainvil* exception and permit Santiago to seek relief under § 2241. *Cf. Okereke*, 307 F.3d at 120–21. Likewise, *Jones*, in which the Supreme Court construed a statute unrelated to this case, does not provide Santiago a basis for obtaining relief under § 2241.

For the reasons stated, the District Court's order will be summarily affirmed. Santiago's motion for summary reversal is denied.

---

1. Because the parties are familiar with the specifics of Santiago's conviction and his subsequent challenges thereto, we do not recount the details here.